**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

ALFREDO TREVINO and CHARLINE JIMENEZ — PLAINTIFFS

V. — CASE NO.: 4:24-CV-1136-JM

BOARD OF TRUSTEES FOR THE UNIVERSITY OF ARKANSAS — DEFENDANT

**PLAINTIFFS' RULE 26(a)(3) PRETRIAL DISCLOSURE SHEET**

NOW COME Plaintiffs, ALFREDO TREVINO and CHARLENE JIMENEZ ("Plaintiffs"), by and through their attorneys, LAUX LAW GROUP, and pursuant to Federal Rule of Civil Procedure 26(a)(3), submit the following Pretrial Disclosure Sheet:

**1. THE IDENTITY OF THE PARTY SUBMITTING INFORMATION**

This Pretrial Disclosure Sheet is submitted by Plaintiffs.

**2. THE NAMES, ADDRESSES, AND TELEPHONE NUMBERS OF ALL COUNSEL FOR THE PARTY**

Plaintiffs' counsel: Michael J. Laux, 400 W. Capitol Ave, Suite 1700, Little Rock, AR 72201, (501) 242-0750.

**3. A BRIEF SUMMARY OF CLAIMS AND RELIEF SOUGHT**

Plaintiff Alfredo Trevino filed his third amended complaint on June 13, 2025.[1] See ECF Doc. #17. On June 3, 2026, the Court consolidated Plaintiff Trevino's case with Plaintiff Charlene Jimenez's similar case. See ECF Doc. #31. Plaintiffs allege UAMS College of Nursing (CON) dismissed them from the CRNA program because of their race and/or national origin, in violation of Title VI of the Civil Rights Act of 1964. Moreover, Plaintiffs allege violations of the equal protection and due process clauses of the Fourteenth Amendment. Plaintiffs seek damages in the form of lost wages, compensatory damages, out-of-pocket expenses (including travel and relocations), reputational harm, emotional damages, attorney's fees and costs. Plaintiffs also seek reinstatement to the program.

[1] Plaintiff Alfredo Trevino's third amended complaint was filed by his prior attorney.

**4. PROSPECTS FOR SETTLEMENT**

Plaintiffs' counsel has proposed settlement discussions but the efforts were unsuccessful.

**5. THE BASIS FOR JURISDICTION AND OBJECTIONS TO JURISDICTION**

The Court's jurisdiction of the instant matter is premised on 28 U.S.C. § 1331 (federal question).

**6. A LIST OF PENDING MOTIONS**

Defendant's motion for summary judgment (ECF Doc. #36) is pending.

**7. A CONCISE SUMMARY OF THE FACTS**

Plaintiffs, each of whom identify as Hispanic, are first generation medical professionals. In 2020, Plaintiffs were registered nurses who aspired to continue their education and become certified registered nurse anesthetists (CRNAs). A CRNA is an advanced practice registered nurse who specializes in giving anesthesia and managing pain. In order to practice as a CRNA, nurses must first complete a certified CRNA program. In 2020, Plaintiffs applied to the Nurse Anesthetist Program (NAP) at UAMS, and they were accepted for the 2020-21 school year. They were the only Hispanic students in the class.

Plaintiffs' academic course was stellar from their first weeks through the December 2022 incident giving rise to the instant complaint. From Fall 2020 through November 2022, in 23 tries, Plaintiffs earned mostly A's. Plaintiff Trevino scored a 100% clinical evaluation, with his evaluator noting his being completely prepared for each case well before time to start the case. In December 2022, Plaintiff Jimenez scored over the 410 point qualifying threshold on her professional exams. Plaintiff Trevino also scored over the 410 point qualifying threshold that month. Plaintiffs each had job offers on the table pending their graduation from the program.

Typhon is a data entry record keeping system used by NAP students to log the time they spend during their clinical assignments at local hospitals. At his deposition, Dr. Dunavan testified to a rigorous Typhon review process in place at the program. He testified that he personally reviews NAP students' typhon records on an almost daily basis.

Dr. Dunavan stated that each student's Typhon records are reviewed as a matter of course. Dr. Gonzalez also looks at typhon records on a periodic basis. Before students' Typhon transcripts are sent to the national examining board, Dr. Gonzalez "looks through with a fine tooth comb at every Typhon entry to make sure it's accurate." The program reviews the students' typhon records before they turn them in for licensure.

Around December 12, 2022, Dr. Dunavan says he was told about inconsistencies in Plaintiffs' Typhon entries by their clinical coordinator. Dr. Dunavan found that Plaintiffs

made entries showing clinical work performed at their respective assigned hospitals on days they were not there which is a falsification of records.

Dr. Dunavan and Dr. Gonzales met with Plaintiffs and questioned them separately. During their meetings with Dr. Dunavan and Dr. Gonzalez, Plaintiffs each acknowledged the inaccurate entries but defended their actions as consistent with student practice. They explained the inaccurate dates were the product of confusion over Typhon entry protocol and not an attempt to deceive. Moreover, Plaintiffs told Dr. Dunavan and Dr. Gonzalez that confusion on this subject was widespread among their cohort, and that it was a major topic of their group discussions. Further, Plaintiffs told their instructors that many of their fellow students entered inaccurate—and even knowingly false—information in the Typhon system.

As Associate Dean of Academic Programs, Dr. Whited was sole decision maker in Plaintiffs' case. According to Dr. Whited, her decision to dismiss them was based solely on the alleged Typhon entry violations. She testified that no other evidence or information went into that decision. The information she received from Dr. Dunavan was that Plaintiffs logged doing clinical hours on days when they were not present at the facility.

According to Dr. Whited, performing clinical activities on one date but representing that you did them on another date is dismissible conduct. She claimed this is also falsification of student clinical logs. Plaintiffs were dismissed from the program on January 3, 2023.

In January 2026, while trying to appeal their dismissals, Plaintiffs repeated to Dr. Cowan what they told Dr. Gonzalez and Dr. Dunavan earlier. their inaccurate entries were endemic of widespread confusion on Typhon protocol. Plaintiff Trevino told Dr. Cowan that NAP students routinely knowingly entered false information in Typhon, and that this practice appeared to be met with both tacit and explicit approval from the program. Plaintiffs cited examples of rules selectively applied against them which were not applied against other students. Plaintiffs' appeals were denied. Their appeals were denied.

In discovery, Plaintiffs obtained documents showing non-protected students engaged in identical and even worse conduct than that which resulted in Plaintiffs dismissal from the program. These documents—primarily the Typhon records of Plaintiffs' fellow students—reflected institutional knowledge possessed by Dr. Gonzalez, Dr. Dunavan and others at all relevant times. Plaintiffs assert that this is evidence of intentional discrimination. See *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 797 (8th Cir. 2011); see *J.E. ex rel. Edwards v. Ctr. Moriches Union Free Sch. Dist.*, 898 F. Supp. 2d 516, 556 (E.D.N.Y. 2012); see also *Minto v. Molloy College*, 2019 U.S. Dist. LEXIS 165670, at *8 (E.D.N.Y. Sept. 26, 2019)(noting that an inference of discriminatory intent in Title VI cases can be drawn through facts establishing that students outside of plaintiff's protected class "were given preferential treatment")(quoting *Patane v. Clark*, 508 F.3d 106, 112 (2nd Cir. 2007)).

## 8. ALL PROPOSED STIPULATIONS

The parties have not yet proposed any stipulations, but Plaintiff anticipates stipulations regarding the genuineness and admissibility of documents produced in discovery.

## 9. ISSUES OF FACT EXPECTED TO BE CONTESTED

Whether non-protected students in Plaintiffs' program engaged in the same conduct for which Plaintiffs were dismissed from the program without penalty.

Whether Plaintiffs were denied review of the Typhon issue by the student-led Honor Council.

Whether Defendant was aware of non-protected students preferential treatment.

## 10. ISSUES OF LAW EXPECTED TO BE CONTESTED

Whether Defendant's conduct constituted intentional discrimination.

Whether Defendant's conduct shocked the conscience.

Whether the denial of review by the student-led Honor Council constituted a violation of Plaintiffs' procedural due process rights.

## 11. A LIST AND BRIEF DESCRIPTION OF EXHIBITS, DOCUMENTS, ETC.

| **Exhibit No.** | **Exhibit description** |
|---|---|
| Ex. 1 | UAMS NAP handbook |
| Ex. 2 | Monday class grid |
| Ex. 3 | Alfredo Trevino UAMS official transcript |
| Ex. 4 | Charlene Jimenez UAMS official transcript |
| Ex. 5 | Alfredo Trevino November 2022 evaluation |
| Ex. 6 | Charlene Jimenez text with Michelle Gonzalez |
| Ex. 7 | Alfredo Trevino 417 score |
| Ex. 8 | Alfredo Trevino Dr. Shelley job offer |
| Ex. 9 | Charlene Jimenez Oct. 2022 job offer |
| Ex. 10 | Typhon student texts |
| Ex. 11 | Mark Dunavan 12/16/2022 email |
| Ex. 12 | Alfredo Trevino dismissal letter |
| Ex. 13 | Charlene Jimenez dismissal letter |
| Ex. 14 | Ethan Lewis Typhon records |
| Ex. 15 | John Trulove Typhon records |
| Ex. 16 | Darinisha Turner Typhon records |
| Ex. 17 | Emilie Shatto Typhon records |
| Ex. 18 | Steffen Lewis Typhon records |

| | |
|---|---|
| Ex. 19 | Austin Berry Typhon records |
| Ex. 20 | Tyler Lindsey Typhon records |
| Ex. 21 | Yolanda Shaw Typhon records |
| Ex. 22 | Plaintiffs' DAR |
| Ex. 23 | NAP syllabus |
| Ex. 24 | CON student handbook 2022-23 |

**12. THE NAMES, ADDRESSES AND TELEPHONE NUMBERS OF WITNESSES FOR THE PARTY**

**PLAINTIFF will call:**

1. Plaintiff Trevino can be reached through undersigned counsel.

2. Plaintiff Jimenez can be reached through undersigned counsel.

3. Dr. Dunavan can be reached through defense counsel.

4. Dr. Gonzalez can be reached through defense counsel.

5. Dr. Whited can be reached through defense counsel.

6. Dr. Cowan can be reached through defense counsel.

7. Dr. David Shelley, CHI St. Vincent Infirmary, 2 St. Vincent Cir., Little Rock, AR 72205, 501-664-4532.

8. Dr. David Rodriguez, Providence Anesthesia Associates, El Paso, Texas.

**PLAINTIFF may call:**

9. Ethan Lewis, address currently unknown.

10. John Trulove, address currently unknown, 501-993-1038.

11. Darinisha Turner, address currently unknown.

12. Emilie Shatto, address currently unknown, 903-277-9000.

13. Steffen Lewis, 318-834-8320, address currently unknown.

14. Austin Berry, address currently unknown.

15. Tyler Lindsey, address currently unknown.

16. Yolanda Shaw, address currently unknown.

**13. THE CURRENT STATUS OF DISCOVERY, ETC.**

Discovery is closed.

**14. AN ESTIMATE OF THE LENGTH OF TRIAL AND SUGGESTIONS FOR EXPEDITING DISPOSITION OF THE ACTION**

Plaintiff anticipates the length of trial to be approximately three (3) days.

Respectfully submitted,

Michael J. Laux
Michael J. Laux
E. Dist. Arkansas Bar No. 6278834
One of the Attorneys for PLAINTIFFS
LAUX LAW GROUP
400 W. Capitol Avenue, Suite 1700
Little Rock, AR 72201
Telephone: (501) 242-0750
Facsimile: (501) 372-3482
E-mail: mlaux@lauxlawgroup.com
mikelaux@icloud.com